Robert Howes, for the use of, &c., v. The Union Insurance Co.

A policy and the indorsement thereupon should be construed together, unless they are so much in conflict that they cannot be reconciled, in which case the indorsement should govern. Alterations made by either party with the consent of the other are valid; and almost any change as to parties, or terms, may be made by indorsement with consent.

If a policy does not state the agreed value of the property insured, but leaves that for proof, it is called an open policy; but if the policy states what the parties have agreed upon as the value of the property, it is called a valued policy; and, in general, this agreed estimate and valuation is final and conclusive upon both parties. The exceptions to this general rule are that a wager policy, an insurance without interest, an evaluation out of all proportion, with intent to defraud, and fraudulent representations and concealments, vitiate the instrument.

APPEAL from the Sixth District Court of New Orleans, Howell, J.
Whittaker & Fellows, for plaintiff and appellant. G. LeGardeur, for defendants.

Duffel, J. The plaintiff obtained from the defendants, an open, or running policy, which contains in the memoranda the following clause: " This insurance is declared to be on such risks as may be approved and endorsed on this policy by the company. No risk binding until so endorsed.

To the extent of——dollars."

The policy bears the following endorsements:

"1858                                                                1 50."
"May 17. Bk. Morning Star, Rio Janeiro, New Orleans, mdze. 2800 1½–42 00."
"   28.  " Grape Shot,  "        " ·   · amt. gold 7380 1–73 80."

The bark Morning Star was, with all her freight, destroyed by fire; hence the' action of the plaintiff, as on a valued policy, for the recovery of the sum of $2800 with interest and costs.

The answer pleads an open policy, and a tender of $1075, the alleged value of the merchandise insured, including all charges and advances.

The District Judge awarded 1117 45 as follows: 7560 pounds of yellow metal at 12½ cents, $945, and charges $172 45.

The plaintiff appealed.

It is in evidence that the plaintiff's application was accompanied with the bills of lading and invoice. The application is in the following words, to wit:
" To the Union Insurance Company, of New Orleans:

Please enter $2800 on open Marine Policy No. ——, made for Robert Howes, on merchandise, on board the bk. Morning Star, ————, Master, at and from Rio de Janeiro to New Orleans.

Premium, — per cent. to $— bills of lading dated ——— Approved ——
                            President.
                                                          Robert Howes, applicant.
New Orleans, 17th May 1858.

The bill of lading proves that the merchandise insured, 7560 pounds of yellow metal, was shipped on the Morning Star, as charged in the above endorsement ; and the invoice price, inclusive of charges, amounts to $2160 48.

It may be inferred that the endorsements authorized by the policy, merely had in view the declaration of the shipments and their nature, without stating the value of the risk ; but if the insurers agree to alter the terms of the contract by the endorsement, there is no reason why this should not be done. Parsons on Maritime Law, vol. 2, p. 34. *Kennebec Co.* v. *Augusta Ins. Banking Co.*, 6 Gray, 204.

The rule, says Parson, vol. 2, p. 35, " we think should be, that the policy and the endorsement should be construed together, unless they are so much in conflict that they can not be reconciled, in which case the endorsement should govern." And again, p. 36, " Alterations made by either party with the consent of the other, are valid. And almost any change, as to parties, or terms, may be made by endorsement with consent." The consent, in the case at bar, is palpable ; the insured applied in writing, and the insurers, having before them the bills of lading and invoice, made the indorsement at a figure larger, by several hundred dollars, than the value and charges expressed in the invoice.

The rule as defined is : if a policy does not state the agreed value of the property insured, but leaves that for proof, it is called an open policy, but if the policy states what the parties have agreed upon as the value of the property, it is called a valued policy ; and in general, this agreed estimate and valuation, is final and conclusive upon both parties. Parsons on Maritime law, vol. 2, p. 62 ; Greenleaf on Evidence, 8th edition, vol. 2, p. 443, sect. 407 ; Angell on Fire and Life Insurance, 2d ed. p. 4, sect. 5 ; Phillips on Insurance, 1st ed., vol. 1, pp. 320 to 327, sect 2, and sect 1, p. 304 et seq. *Irwin* v. *Manning*, 9 Manning & Scott's Rep. 391.

The exceptions to this general rule are that a wager policy, an insurance without interest, an evaluation out of all proportion, with intent to defraud, and fraudulent representations and concealments, vitiate the instrument. Parsons on Maritime Law, vol. 2, p. 63. Phillips on Insurance, 1st. ed., vol, 1, chap. 14. sect. 1, p. 304, verbo, amount of insurable interest, and vol. 2, chap. 14, sect. 1, p. 206, valued policy. *Alsop* v. *Commercial Insurance Co.*, 1 Sumner, 451–473, *Catron* v. *Tennessee Ins. Co.* 6 Humph. 176–185.

We, therefore, conclude that the endorsement, although made on an open policy, is, nevertheless, in the nature of a valued policy, as all the ingredients constituting such a policy are therein contained, and hence it must be so treated.

And as the answer does not charge any fraud, wager, misrepresentation, or even error, the plaintiff could, at most, only be required, on the issue presented, to prove an insurable interest and a shipment with a loss.

The fact that the plaintiff, *out of extreme caution*, introduced evidence as to the value of the metal in Rio Janeiro, can not prejudice his case, for the pleadings did not *open* the policy generally. *Kennedy* v. *N. Y. Life Ins. Co.* 10 An. 809.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed ; and it is further ordered, adjudged and decreed, that the defendants, the Union Insurance Co. of New Orleans, be condemned to pay to *Robert Howes*, for the use of *Joseph S. Clark*, the sum of twenty-eight hundred dollars, with legal interest from judicial demand, June 29th, 1858, and the costs of both courts.

LAND, J., absent, concurring.

## SAME CASE—ON A RE-HEARING.

DUFFEL, J.   We were induced to grant a re-hearing in this case under the ap-
prehension that we had, perhaps, drawn doubtful conclusions from known facts,
or enunciated principles which might be looked upon as innovations, or as tend-
ing to break up the symmetry of the system of insurance.

A well considered review of the whole subject has satisfied us that we were
mistaken as to the true character of the policy, and this, by attaching too much
importance to the fact that the bills of lading and invoice had been submitted to
the insurers by the insured.

The policy is, in form, a valued or running policy, the plaintiff's application
was, *specifically,* for an entry, on an open policy, for a stated amount, on merchan-
dise ; and the endorsement was made as requested : neither the insured, nor the
insurers, fixed any value on the goods, the former simply gave, and the latter en-
dorsed, the insurable interest, thus leaving the value open to inquiry and proof.

We will here remark, in order to guard against any misconception, that the
case of *Kennedy* v. *N. Y. Life Ins. Co.* 10 An. 809, was simply cited as being
applicable to cases of insurance, and in no manner as affecting the rule of evi-
dence in ordinary cases.

Viewing, therefore, the policy as an open one, we are satisfied that the District
Judge has given to the plaintiff the full value of his merchandise, whether we
take the value at Rio Janeiro, after deducting the costs of entry, or the value in
New Orleans, the place of destination.

It is ordered that our former decree be set aside, and that for the reasons
assigned, the judgment of the District Court be affirmed at the costs of the
appellant.

BUCHANAN, J. took no part in this opinion.