SAM BIRNBAUM, Appellant, *v.* JAMESTOWN MUTUAL INSURANCE COMPANY, Respondent.

Argued October 11, 1948; decided December 2, 1948.

*Gilbert Goldstein, George A. Grabow* and *Charles E. Bernstein* for appellant. I. The damages sustained by plaintiff as a result of the accident are within the coverage of the policy issued by defendant. The provisions of the policy and those of the indorsement are not repugnant or mutually exclusive. (*Thompson-Starrett Co.* v. *American Mut. Liability Ins. Co.,* 276 N. Y. 266; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44; *Mansbacher*

v. *Prudential Ins. Co.*, 273 N. Y. 140; *Burr* v. *Commercial Travelers Mut. Accident Assn. of America*, 295 N. Y. 294; *Tonkin* v. *California Ins. Co.*, 294 N. Y. 326; *Lewis* v. *Ocean Accident & Guar. Corp.*, 224 N. Y. 18; *Abrams* v. *Great American Ins. Co.*, 269 N. Y. 90; *Block* v. *Standard Ins. Co. of N. Y.*, 292 N. Y. 270; *Whiteside* v. *Insurance Co. of State of Pennsylvania*, 274 App. Div. 36.) II. The Appellate Division erred in granting summary judgment to the defendant dismissing the complaint. (*Kenyon* v. *Knights Templar & Masonic Mut. Aid Assn.*, 122 N. Y. 247; *Italian Benevolent Inst.* v. *Elaine Co.*, 240 App. Div. 196; *Outlet Embroidery Co.* v. *Derwent Mills*, 254 N. Y. 179; *Minnesota Mut. Life Ins. Co.* v. *Marshall*, 29 F. 2d 977, 279 U. S. 851; *Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195.)

*Thomas A. Clarke* for respondent. The policy in express terms did not cover the use of the truck at the time of the accident. (*Euto* v. [*American*] *Lumberman's Mut. Cas. Co. of Illinois*, 247 App. Div. 613; *Kearns Coal Corp.* v. *United States Fidelity & Guar. Co.*, 118 F. 2d 33; *Hartigan* v. *Casualty Co. of America*, 227 N. Y. 175; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *General Tire Co.* v. *Standard Accident Ins. Co.*, 65 F. 2d 237; *Carnes & Co.* v. *Employers' Liability Assur. Corp.*, 101 F. 2d 739; *Farm Bureau Mut. Automobile Ins. Co.* v. *Daniel*, 104 F. 2d 477; *Myers* v. *Standard Accident & Guar. Corp.*, 99 F. 2d 485; *Devitt* v. *Continental Cas. Co.*, 269 N. Y. 474; *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Bakker* v. *Aetna Life Ins. Co.*, 264 N. Y. 150; *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137.)

CONWAY, J. In September of 1944, one Anthony De Lillo of Yonkers, N. Y., obtained from the defendant an automobile liability policy insuring each of his three automobile trucks for $50,000 liability for bodily injury to " each person " and $100,000 liability for " each accident " and $5,000 property damage for each accident. Thereafter an accident occurred and the defendant has disclaimed liability upon the ground that an indorsement attached to the policy excluded the peril through which plaintiff suffered the loss of his leg. The plaintiff recovered judgment against De Lillo, following a jury verdict, and has now brought this action against the insurer under section 167 of the Insurance Law to collect it. The question presented.

therefore, involves the extent of the coverage furnished to De Lillo by the contract of insurance as evidenced by the policy and indorsement.

The case reaches us on an appeal from a judgment entered pursuant to an order of the Appellate Division which reversed an order of Special Term denying summary judgment dismissing the complaint and which granted such motion. The reversal is stated in the order to be upon the law and the facts, but may be sustained only if correct as a matter of law.

In order properly to construe the indorsement, and it was based upon that that summary judgment was granted, it is necessary first to examine the policy. Both policy and indorsement were dated upon the same day and issued as a part of one transaction.

Item 1 of the " Declarations " in the policy after naming the insured and his address reads: " The occupation of the named Insured is — Delivery of Coal — Hudson Fuel Co."

Item 3 recites in three columns respectively the " Coverages ", i.e., " Bodily Injury " and " Property Damage," the " Limits of Liability ", i.e., $50,000/$100,000 as indicated, *supra,* and $5,000 for property damage for each accident, and the " Premiums ", i.e., six separate premiums, one for each automobile for " Bodily Injury " and one for each automobile for " Property Damage ".

Item 4 lists the three automobile trucks owned by De Lillo and opposite the description of each truck under a column headed " Use ", is the letter " B ".

Item 5 of the " Declarations " states that " B " indicates " Commercial " use and defines that term as follows:

" Item 5 The purposes for which the automobile is to be used are:

' A ' Pleasure and Business, or ' B ' Commercial, as indicated under Column headed ' Use ' Item 4.

(a) The term ' Pleasure and Business ' is defined as personal, pleasure, family and business use. (b) The term ' Commercial ' is defined as *use principally in the business occupation of the named Insured* as stated in Item 1; *including occasional use for personal,* pleasure, family *and other business purposes.* * * * " (Emphasis supplied.)

Attached to the policy is the indorsement, already referred to, which is partly typewritten and partly printed and is, so far as material here, as follows:

## " TRUCKMEN — LOCAL

(Hauling Exclusively for One Concern)

It is agreed that such insurance as is afforded by the Policy for Bodily Injury Liability and for Property Damage Liability *applies with respect to* the automobile classified as ' *commercial (local truckman)* ' *provided:*

1. The regular and frequent use of the automobile is confined to the area within a fifty mile radius of the limits of the city or town where the automobile is principally garaged as stated in the Declarations; and

2. No regular or frequent trips are made by the automobile to any location beyond such radius; and

3. *All commercial automobiles* owned and operated by the named Insured *are to be used in hauling exclusively for Hudson Fuel Co., Yonkers, N. Y.''* (Emphasis supplied.)

Then follows the printed sentence:

" *All other terms and conditions of this Policy remain unchanged.''* (Emphasis supplied.)

It is undisputed that at the time of the accident the insured's truck was being used to transport lumber for one Harry Watson. However, plaintiff contends and has submitted affidavits alleging facts which, if proved, establish that the truck was *principally* used to transport coal for the Hudson Fuel Company and that the use at the time of the accident was merely " occasional use ". In his own affidavit De Lillo stated:

" On the date of the accident, deponent was requested by a friend, one Harry Watson, to transport some lumber from Yonkers, New York to the Botanical Gardens, Prospect Park, Brooklyn, New York. In compliance with this request, deponent instructed his driver and employee, Archie Spence, to make the delivery of said lumber. \* \* \* "

" \* \* \* This was the first occasion on which this truck was used for any purpose such as above described. On the day previously, it had been used to haul coal for the Hudson Fuel Co. and *for about a year and a half before the accident, it was exclusively used daily for the purpose of hauling coal for the Hudson Fuel*

*Co.* However, on the day of the occurrence, there was no coal to be hauled by this truck. * * * " (Emphasis supplied.)

In his brief plaintiff admits, as alleged in one of defendant's affidavits, that Watson paid De Lillo " ' $3.00 an hour for 7 hours or a total of $21 ' " on this occasion. If it be proved, therefore, that the use by Watson was an " occasional use " made by De Lillo, the fact of payment indicates that hauling for Watson was an occasional " business " purpose within the terms of the policy or a court or jury might so find. In view of the dismissal of plaintiff's complaint, the facts stated therein and in plaintiff's affidavits, together with all favorable inferences therefrom, must be taken to be true. Thus, although defendant alleges facts in its affidavits which may indicate that the hauling of lumber for Watson on the day of the accident was *not* " occasional ", we must for the purpose of this appeal assume that on the trial plaintiff can establish the facts which he alleges and asserts.

We do not think that it may be said *as a matter of law* that the typewritten portion of the indorsement superseded the printed provisions of the policy defining the term " Commercial " as " use principally in the business occupation of the named Insured as stated in Item 1, including occasional use for * * * other business purposes." In *Thompson-Starrett Co.* v. *American Mut. Liability Ins. Co.* (276 N. Y. 266, at pp. 270–271) we said (HUBBS, J.) :

" It is a familiar rule that in construing an indorsement to an insurance policy the indorsement and policy must be read together and that the policy remains in full force and effect except as altered by the words of the indorsement. (*Matter of Garelick* v. *Rosen,* 274 N. Y. 64.) If an indorsement extends the term of a policy beyond the expiration day or hour specified in the policy, the time of expiration specified in the policy must give way to the stated time of expiration contained in the indorsement, as the indorsement has the effect of expressly changing that provision of the policy. That and nothing more was decided in *Matter of Garelick* v. *Rosen* (*supra*).

" It is equally true that if an indorsement attached to a policy expressly provides that it is subject to ' all the terms, limitations and conditions of the policy,' the policy and indorse-

ment must be read together and *an indorsement in such a case does not abrogate or nullify any provision of the policy unless so stated in the indorsement.*'' (Emphasis supplied.)

Here, the indorsement expressly stated that '' all other terms and conditions of this Policy remain unchanged '', and it did *not* state that the ''occasional use '' provision in Item 5 of the '' DECLARATIONS '' was abrogated or nullified. It did not mention or refer to Item 5 in any way.

The average, ordinary businessman, and there is no suggestion that Anthony De Lillo was more, would find great difficulty in reconciling the indorsement and Item 5 of the '' DECLARATIONS ''. The indorsement as we have seen, commences as follows: '' It is agreed that such insurance as is afforded by the Policy for Bodily Injury Liability and for Property Damage Liability applies with respect to the automobile classified as ' commercial (local truckman) ' provided: '' etc. There is no automobile classified in the policy as '' ' commercial (local truckman)' ''.

While there is no express provision in the indorsement abrogating or nullifying any provision of the policy it is urged by the insurer that the typed portion of the indorsement concerning '' exclusive '' use is repugnant to the printed provision in Item 5 of the '' DECLARATIONS '' concerning '' occasional '' use. In *Kratzenstein* v. *Western Assur. Co.* (116 N. Y. 54; 57, 59) we stated the following rules:

'' Where a contract contains two *repugnant* provisions, the one printed and the other written, it is well settled that the latter must control the interpretation of the instrument, as it is presumed to express the *latest* intention of the parties. [Cases cited.] Unless the *conflict is irreconcilable,* however, this rule does not apply, but the principle prevails that contracts should be so construed as to give effect to every word and expression contained therein. [Cases cited.] * * * '' (Emphasis supplied.)

'' * * * Where an insurance contract is so drawn as to be manifestly ambiguous, so that reasonable and intelligent men on reading it would honestly differ as to its meaning, the doubt should be resolved against the company, because it prepared and executed the agreement, and is responsible for the language used and the uncertainty thereby created. [Cases

cited.] If the defendant intended that the risk should not cover goods in transit, except by such conveyances as should be mentioned in the indorsement, it should have said so in clear and unmistakable terms so that no one could be misled.'' (See, also, *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 322.)

Thus, unless the typewritten provisions of the indorsement must be considered to be "repugnant" and in "irreconcilable conflict" with the printed provisions in Item 5, we cannot say that the former "superseded" the latter *as a matter of law*. It may well be that the "expectation and purpose of the ordinary business man" (*Burr* v. *Commercial Travelers Mut. Accident Assn.*, 295 N. Y. 294, 301; *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47) in entering into the contract of insurance was that he was to be permitted an "occasional use for personal, pleasure, family and other business purposes" and that he understood and intended that he was to be covered under the contract when one of his trucks was being so used. Defendant argues that the purpose of the indorsement was to eliminate the provision for "principal" and "occasional" use and that there would be no no need for the indorsement if the defendant was to be liable when the truck was used "principally" for the Hudson Fuel Company and for other "occasional" use. On the contrary, it may be as likely that the main purpose of the indorsement was to limit De Lillo to the work of a *local truck-man*, an important insurance classification. Again, it must be remembered that the policy and indorsement were issued *together* on the same date, September 14, 1944. This is not a situation where an indorsement is added some time after the issuance of the policy and the premium increased or decreased accordingly. Consequently the indorsement may not be considered clearly to evidence a later or different intention from that expressed in the body of the policy.

Receiving the policy with the indorsement attached, De Lillo, as an average businessman, might well have understood the indorsement to have restricted his coverage merely from that of trucking generally for the public to that of trucking within a fifty-mile radius and for one concern, but not that it necessarily eliminated coverage for "occasional use for personal, pleasure, family and other business purposes" when paragraphs 1 and 2 of the indorsement each used the words

" regular and frequent ". Under those paragraphs the ordinary businessman might certainly assume that he had the right to make an occasional trip outside the fifty-mile radius prescribed.

If the defendant intended to limit its liability as drastically as it now claims it did, it should have done a more workman-like job. When a misconstruction by an ordinary businessman of an exclusory provision of an indorsement attached to a policy of insurance means substantial injury to his business, as it does by reason of the recovery of the $30,000 judgment here, the provision must be drawn in such " clear and unmistakable terms so that no one could [may] be misled." (*Kratzenstein* v. *Western Assur. Co., supra,* at p. 59.) Here the defendant could have deleted some of the provisions of Item 5, or *expressly cancelled them* in the indorsement or at least referred in some manner to Item 5. As a matter of fact the indorsement made no mention by reference or number to either Item 4 or Item 5 so as to indicate that there was an amendment or change in either of them. On the contrary it provided that " all other terms and conditions of the Policy remain unchanged." Defendant may not now be permitted *as matter of law* to cancel the express provisions of Item 5 by inference.

The judgment entered upon the order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly.