## HARTFORD ACCIDENT & INDEMNITY CO.

v.

### BLAKE et al.

Court of Appeals of Kentucky.

April 23, 1954.

Rehearing Denied June 18, 1954.

Robert W. Measle, Stilz, Rouse & Measle, Lexington, for appellant.

Bradford T. Garrison, R. W. Keenon and Stoll, Keenon & Park, Lexington, for appellees.

CLAY, Commissioner.

This action principally involves the construction of the coverage in a motor vehicle liability insurance policy. The suit was brought against appellant insurance company after a judgment, unsatisfied, was rendered against the insured, one Van Kiser, Jr. Appellant refused to defend the action against its insured on the ground that the truck involved in the accident was not then being operated in accordance with the terms of the policy. In this action judgment was rendered for the principal appellee.

The policy was issued to V. D. Kiser, Jr. It recited his business as "hauling stone". It stated the purpose for which the vehicle was used to be "commercial".

The provisions of the policy involved in this controversy are the following:

"(b) The term commercial is defined as use principally in the business occupation of the Named Insured as stated in Item 1, including *occasional use* for personal, pleasure, family and *other business purposes.*"

"3. All commercial automobiles owned and operated by the Named Insured are to be used in hauling exclusively in the business of Hauling stone for E. B. Lowman."

The latter provision appears in a rider bearing the same date as the policy.

On the date of the accident Kiser's truck was not being used to haul stone for E. B. Lowman, but was being used to haul stone for the Gorman Construction Company. There was no connection between Lowman and the Construction Company. Kiser had not hauled stone for Lowman for two or three months, but had engaged in that activity for other parties prior to undertaking the job for the Gorman Construction Company. This latter hauling had

been carried on approximately a week prior to the accident.

The position is taken by appellee, and apparently was adopted by the trial court, that there is some ambiguity in the insurance policy and it should be construed most favorably for the insured.

The point is made that the exclusive use provision in the rider (above quoted) may not be taken literally and is modified by provision (b) which authorizes "occasional use" for "other business purposes". Appellee relies upon Birnbaum v. Jamestown Mut. Ins. Co., 298 N.Y. 305, 83 N.E.2d 128, which involved the construction of an insurance policy quite similar to the one before us. In that case it was held that the policy covered a liability arising out of a single day's use of the vehicle insured for a purpose other than the exclusive hauling for the named party. Were we to adopt the opinion of the New York Court of Appeals as controlling on the issue of construction of the policy, it is still not decisive of the question upon which this decision must turn.

Assuming, without deciding, that under appellant's insurance policy the coverage would under certain circumstances extend to the use of the truck in hauling for someone other than E. B. Lowman, it is clear on the facts in this case that such other use was not *occasional*. The testimony of the insured was that he stopped hauling stone for Mr. Lowman sometime in July or August of 1949. Thereafter he hauled gravel for the Daniel Coal Company and other contractors up until late in October. He then started work for the Gorman Construction Company and had hauled for it about a week when the accident occurred on November 3.

It is evident that for a substantial period prior to the accident the insured was not hauling for E. B. Lowman at all, much less exclusively. The work done for other people was in no sense occasional, but constituted an entirely new, independent and continuing business operation. The rider on this policy would be given no effect at all if it could be said the insur-

ance covered the use of the truck in the regular course of business of hauling stone for persons other than E. B. Lowman.

Since the restrictive coverage was reasonable and since the use of this truck at the time of the accident did not come within the terms of the policy even if extended to "occasional use", appellant should not have been held liable and was entitled to a directed verdict.

The judgment is reversed.