Morris E. Spbctor, J.
This is an action for a declaratory judgment. An action for damages which had been pending in the Municipal Court of the City of New York, Borough of Manhattan, First District, was, by prior order of this court, transferred and consolidated with it. The facts are not in dispute. During a rainstorm, the drain on the roof of the building which led directly down to a waste pipe in the interior of the building owned by defendant Elegnelle Realty Corp., and leased to M. & S. Management Corp., became unworkable, by reason of the fact that there was a screen covering said drain which became clogged by debris. As a result thereof, water accumulated on the roof and eventually arose to a point where it ran *200 down the stairway to the roof. The water entered the premises leased by the plaintiff Salta Knitting Mills, Inc. and caused water damage to the merchandise therein in the stipulated amount of $1,750. Salta commenced a suit in the Municipal Court against Elegnelle. The latter had a comprehensive general liability policy with the defendant insurance company. The summons and oral complaint was forwarded to the insurance company, which returned it and refused to defend or pay on the ground that the loss sustained was excluded from the policy. Thereafter it instituted this action for a declaratory judgment, and the consolidation ensued.
The policy with which we are concerned provides in the insuring agreement that the company agrees in Coverage B — Property Damage Liability: “ To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.” Under Exclusions, there is contained, “ This policy does not apply: * * * (e) under coverage B, except with respect to liability assumed under the contract covered by this policy and except insofar as this exclusion is stated in the declarations to be inapplicable, to * * * (3) rain or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective doors, windows, skylights, transoms or ventilations, insofar as any of these occur on or from the premises owned or rented by the named insured and injure or destroy buildings or contents thereof. ’ ’
The defendant insurance company asserts that research has failed to disclose any cases in this jurisdiction construing this specific language in a policy of insurance, the codefendants have failed to cite any cases in support of their construction of the language, and independent research by the court has been fruitless. Accordingly, this matter will have to be disposed of on the principles of construction heretofore decided by the courts of this State.
If the terms of an insurance contract and the exclusion clauses are clear and unambiguous, they must be read in the ordinary sense which will preclude any interpretation by the court; however, if ambiguity is present it must be construed in favor of the insured and against the insurer (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49). This principle has particular application where exclusions are involved (Yoshida v. Liberty Mut. Ins. Co., 240 F. 2d 824, 826).
Where reasonable and intelligent men on reading the terms of an ambiguous insurance contract would honestly differ as *201 to its meaning, the doubt should be resolved against the company and if the company desires to exclude from its general coverage or limit its liability, it has the responsibility of wording it in clear and unmistakable language so that no average person can be misled (Birnbaum v. Jamestown Mut. Ins. Co., 298 N. Y. 309, 311, 313).
To these general principles we now apply the facts. The defendants, Elegnelle and M. & S. Management having entered into a comprehensive policy with the defendant insurance company, wanted to secure as broad a coverage as possible for the premium paid. The property damage coverage apparently insured them to the limits of the policy against any loss caused by accident for which they would be legally obligated to pay. Paragraph “ e” of the exclusion clauses is concerned with exempting water or fluid damage. If the company wished to exclude all water damage, it was obliged to so state in unequivocal terms. The question of the meaning of the words “ through a defective spout ” is susceptible of various meanings. Does the word ‘ ‘ through ’ ’ require that the water must escape through a break or leak or does it mean that' “ through ” has the connotation of “ by reason of ” or “ because of ”? In addition, does defective refer to the physical structure or to the efficient operation of the spout? The language therefore is ambiguous and should be construed against the company. The plaintiff has relied heavily on the case of Armon v. Ætna Cas. & Sur. Co. (369 Pa. 465, 466). However, in that case the court recognized the ambiguity of the same words used in the policy therein being construed. At the start of the opinion it stated “ This litigation is largely concerned with the proper construction to be placed upon certain ambiguous terms of an insurance policy.” And later, in construing the exact words of the policy before this court, stated, ‘ ‘ Having in mind, however, the well-established rule that if an insurance policy is reasonably susceptible of two interpretations it is to be construed in favor of the insured in order not to defeat, without plain necessity, the claim to indemnity which it was the insured’s object to obtain”. It then proceeded to construe the language against the company. In that case the defendant company was attempting to disclaim on a water damage policy on the ground that the spout was not defective when clogged with debris. In the instant case the company here seeks to avoid payment on the ground that the spout is defective when clogged with debris and thus is within the exclusion clause. However, the construction of the words here must be in favor of the insured and against the insurer. While this seems to be inconsistent with the result and the *202 determination of the Pennsylvania case, relied on by the insurer, it is not. The decisions in each case turn on the question of the construction of ambiguous language and not on the question as to the manner in which a spout can be determined to be defective.
Accordingly, the defendants Elegnelle and M. & S. Management in this consolidated action are entitled to judgment dismissing the complaint seeking a declaratory judgment on the merits, and to judgment against the insurer on their counterclaim. Said defendants are entitled to counsel fee for defending the action against them which the insurance company refused to defend and the fee is accordingly 'fixed in the sum of $500. Salta is entitled to judgment against the defendant Elegnelle in the amount of $1,750. The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.