MILLER, Judge.
Defendant Louisiana Hospital Service, Inc., better known as Blue Cross, appeals the trial court determination that its hospital services and surgical-medical services insurance policy provided benefits covering plaintiff insured’s 19 year old son. We affirm.
Plaintiff Kirby Fuselier is an employee of the Town of Mamou and subscribed to defendants insurance policy under the family group hospital plan. It appears that plaintiff’s son is listed on the policy as a dependent and that a current premium had been paid for coverage which extended to:
“Any unmarried children 19 to 24 years of age who are enrolled as students at a college or university listed in the Directory of Higher Education and who depend upon the Employee for their support.”
It was established or admitted that plaintiff’s nineteen year old unmarried son resided with and was dependent upon plaintiff for his support; that plaintiff’s son graduated from highschool and was enrolled in the T. H. Harris Vocational Technical School in Opelousas, Louisiana “taking a curriculum of Electronics”; that a highschool diploma was required before he could be admitted to that course of study; that he was required to attend 30 hours of classes each week; that the subject matter studied included courses “like Math, Physics and the Lab”; and that when he finished the curriculum he would receive a diploma.
Blue Cross contends that plaintiff’s son is not enrolled as a student at a college or university listed in the Directory of Higher Education. Its witness Herbert Oge, Assistant Director of the T. H. Harris Vocational Technical School, understood that his school was classified as “a vocational school.” It is a school that trains, it’s a post highschool school that trains people for occupations. It does not issue degrees or college credits of any kind.” Mr. Oge testified that he has never seen a “Directory of Higher Education.” Tr. 32, 33. He also stated that the T. H. Harris Vocational Technical School has never been accredited as a college or university.
Neither party introduced “the Directory of Higher Education.” At oral argument, Blue Cross contended that “the Directory” *34 was published by the Louisiana Department of Education but indicated that the Directory had not been published as of September 16, 1969, the date this claim arose. The policy was issued in 1963, Blue Cross suggested that policy benefits were available to the 19 to 24 age group only when they attended colleges or universities located in Louisiana. This followed since the Louisiana Department of Education would not be expected to list colleges and universities from other states in its Directory of Higher Education.
Prior to trial, appellant obtained plaintiff’s answer to its “Demand for Admission of Facts” stating:
“Donald Fuselier (plaintiff’s son) is unmarried and in school and upon information and belief, we believe it is listed in the Directory of Higher Education.”
Blue Cross contends that because of this answer, plaintiff has the burden of introducing “the Directory of Higher Education” showing that his son’s school is so listed. Newson v. Temple, 66 So.2d 357 (La.App. 1 Cir. 1953). It is then submitted that plaintiff’s failure to introduce the directory creates a presumption against plaintiff. Newson does not support plaintiff’s contention. Blue Cross wrote the policy and it was apparent at oral argument that Blue Cross was unable to state with certainty that such a directory was in existence when its insurance policy was written or when this claim arose.
The trial court found the word “college” ambiguous and applied the rule that ambiguities in the policy should be resolved in favor of coverage. Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958); Wilks v. Allstate Insurance Company, 177 So.2d 790 (La.App. 3 Cir. 1965), and 195 So.2d 390 at 401 (La.App. 3 Cir. 1967).
Blue Cross argues that there is no ambiguity in the requirement that the college be “listed in the Directory of Higher Education.” This is persuasive until it is noted that “the Directory of Higher Education” requirement is just as vague as the word “college.” The policy provisions do not require that the “college” be accredited; that it be a four year college; or that it be located in Louisiana. There is no named author, editor or publisher of the directory. Neither is there a date of publication. There is no suggestion in the policy coverage that a business college, barber or beauty college, or vocational technical school could not be properly listed in “the Directory of Higher Education.”
Since plaintiff’s son is a highschool graduate pursuing a course of study available only to highschool graduates, taking the electronics curriculum which requires 30 hours of classroom attendance each week in such courses as mathematics, physics and laboratory work, we fail to find manifest error in the trial court’s decision.
Had Blue Cross established that when the policy was written, there were colleges or universities “listed in the Directory of Higher Education” which excluded courses of study at vocational technical schools as here presented, we could reach a different result. If this case was in that posture, appellant’s citation of Graham v. Maryland Casualty Company, 230 So.2d 264 (La.App. 1 Cir. 1969) would be appropriate. It was there held that when a contract of insurance clearly expresses its terms, conditions and limitations of liability, it shall be considered as law between the parties, and a strained construction or interpretation to find ambiguity should not be used to effect coverage where the policy itself clearly evidences a contrary intent. But Blue Cross did not undertake to show that there was or is such a publication as “the Directory of Higher Education.” (Emphasis added.)
The trial court’s judgment is affirmed. Costs are assessed to defendant appellant.
Affirmed.