Gustave **ROBERTS**, Plaintiff,

v.

**P. & J. BOAT SERVICE, INC., et al.,**
**Defendants.**

**Civ. A. No. 70–647.**

United States District Court,
E. D. Louisiana.

April 14, 1973.

Jack C. Benjamin, Kierr & Gainsburgh, New Orleans, La., for plaintiff.

Joseph J. Weigand, Jr., Waitz, Weigand & Bosworth, Houma, La., for Argonaut Insurance Co.

James J. Morrison, New Orleans, La., for Empire Machine Works, Inc.

Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, La., for Twin Disc, Inc., and Employers Mutual Liability Insurance Co.

Donald Pierce, Organ & Pierce, New Orleans, La., for State Automobile & Casualty Underwriters.

Paul V. Cassisa, Metairie, La., for General Motors Corp.

James E. Blazek, New Orleans, La., for Aetna Casualty & Surety Co. and Gulf Refining Co.

J. Walter Ward, Jr., New Orleans, La., for George Engine Co., Inc.

Melvin J. Duran, New Orleans, La., for P & J Boat Service, Inc.

## ON MOTION FOR SUMMARY JUDGMENT

CASSIBRY, District Judge:

The motion of defendant Argonaut Insurance Company for summary judgment and the cross motion of plaintiff Gustave Roberts for summary judgment came on for hearing on August 2, 1972, were argued and submitted.

After due consideration, it is ordered, adjudged and decreed that the defendant's motion be, and it is hereby, granted, and the plaintiff's motion be, and it is hereby denied.

## REASONS

In this action by plaintiff for damages for personal injuries allegedly caused about October 12, 1969 by the explosion of the engine of the M/V T James, which engine had been recently rebuilt by the defendant Empire Machine Works, the insured of defendant Argonaut Insurance Company, Argonaut moves for summary judgment contending that its policy of insurance did not provide coverage for the alleged ac-

cident. In his cross motion for summary judgment plaintiff contends that the policy does cover the accident.

The accident occurred in navigable waters in Plaquemines Parish, Louisiana where plaintiff was employed as the Captain of the T James by its owner P & J Boat Service, Inc. The bases of plaintiff's complaint against Argonaut's insured Empire Machine Works are strict tort liability, breach of expressed and implied warranties of work and product, and negligence, including Empire's failure properly to rebuild the engine; its failure properly to install the engine; its failure properly to inspect and test the engine prior to installation; its failure to discover defects therein; and its failure to warn the plaintiff of its defects and dangers.[1]

Argonaut issued a comprehensive liability insurance policy to Empire covering the period January 23, 1969 to January 23, 1970, but it denies that the policy covered the type of risks involved in the causes of injury alleged by the plaintiff. The policy has the general title "Liability Insurance Policy" and it is divided into four principal sections. The first entitled "General Provisions" contains subsections relating to "Supplemental Payments", "Definitions", and "Conditions"; the second is entitled "General Liability—Automobile Policy"; the third, "Coverage Part I—Comprehensive General Liability Insurance"; and the fourth, "Coverage Part III A—Contractual Liability Insurance (Blanket Coverage)".

The section on Comprehensive General Liability Insurance has the broadest possible language of coverage for bodily injury and property damage followed by fourteen exclusions designated (a)

through (n). The coverage language is as follows:

> "I. COVERAGE A—BODILY INJURY LIABILITY
> COVERAGE B—PROPERTY DAMAGE LIABILITY
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
>
> B. property damage
>
> to which this insurance applies, caused by an occurrence, * * *"

This language is broad enough to cover two hazards specifically defined in the definitions subsection of the General Provisions, "completed operations hazard" and "products hazard".

> "completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
>
> (1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
>
> (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

1. Plaintiff sued multiple defendants: P & J Boat Service, Inc., Cran-Vela Rental Co., Inc., Gulf Refining Company and their insurer Employers Mutual Liability Insurance Company of Wisconsin, as a seaman, under the Jones Act and under the general maritime law of the United States; and Empire Machine Works, Inc., General Motors Corporation, Twin-Disc, Inc., and George Engine Company, Inc., under the general maritime law of the United States and the laws of the State of Louisiana as they may apply. By Second Supplemental and Amending Complaint plaintiff sued Argonaut as insurer of Empire Machine Works, Inc.

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a .part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

\*    \*    \*    \*    \*    \*

"products hazard" .includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

\*    \*    \*    \*    \*    \*

Generally speaking, these hazards contemplate the risks resulting from the liability of a manufacturer or a contractor for faulty or defective products or work to users thereof suffering injury from such products or work after the products have left the possession of the manufacturer or after the work has been completed and accepted.[2] Argonaut contends that all of the risks involved in plaintiff's injuries were removed from coverage by an endorsement to the Comprehensive General Liability Insurance portion of the policy which excluded these hazards.

That endorsement reads:

"This endorsement modifies such insurance as is afforded by the provi-

sions of the policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE

### EXCLUSION

(Completed Operations Hazard and Products Hazard)

It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage included within the Completed Operations Hazard or the Products Hazard.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements, or limitations of this policy other than as above stated."

It would appear that, inasmuch as plaintiff's claim for bodily injuries is allegedly the result of a faulty or defective engine which Empire had either manufactured or performed some operation on by rebuilding and which was in the possession of P & J Boat Service at the time of the accident, the risks involved would be included in the completed operations hazard or the products hazard, and would have been removed from coverage by the endorsement. Plaintiff contends however that, notwithstanding this endorsement, some of the risks involved in plaintiff's injury are covered by exceptions to exclusions (a) and (k) from coverage for bodily injury and property damage liability in the Comprehensive General Liability Insurance portion of the policy; or, in the alternative, that these exceptions to exclusions when considered with the endorsement create an ambiguity in the exclusions intended which must be resolved in favor of insurance coverage under the authority of Sparkman v. Highway Ins. Co., 266 F.Supp. 197 (W. D.La.1967); Standard Life Ins. Co. of

---

2. See 1 Frumer and Friedman, Products Liability, § 5, p. 15 et seq. for discussion of the development of these areas of liability.

Ind. v. Hughes, 240 F.2d 859 (5 Cir. 1957); Wilks v. Allstate Ins. Co., 177 So.2d 790 (3 Cir., La.App.1965), cert. den. 248 La. 424, 179 So.2d 18; also, Fuselier v. La. Hospital Serv., Inc., 260 So.2d 32 (3 Cir. La.App.1972); Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Creole Explorations, Inc. v. Underwriters at Lloyd's London, 245 La. 927, 161 So.2d 768 (1964); Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171 (1958); Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9 (1948).

The exclusions and the exceptions thereto relied upon by plaintiff to avoid the exclusion by endorsement appear in those exclusions (a) through (n) heretofore referred to as following immediately the broad coverage language quoted previously in the Comprehensive General Liability Insurance portion of the policy, and they provide as follows:

Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; *but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;*

\*    \*    \*    \*    \*    \*

(k) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; *but this exclusion does not apply to bodily injury or property damage resulting from*

*the active malfunctioning of such products or work;* (italics mine).

Plaintiff's contentions cannot prevail under the well recognized rules for construing insurance contracts containing endorsements. Where the meaning of a contract of insurance is in dispute the endorsement and the policy must be read together, and they should be construed together unless they are so much in conflict that they cannot be reconciled. *See* 13 Appleman on Insurance, § 7537, p. 290; Bluewaters, Inc. v. Boag, 320 F.2d 833 (1st Cir. 1963); Close-Smith v. Conley, 230 F.Supp. 411 (D.C. Or.1964); Konrad v. Hartford Acc. & Indem. Co., 11 Ill.App.2d 503, 137 N.E. 2d 855; Prather v. American Motorists Ins. Co., 2 N.J. 496, 67 A.2d 135; Howes v. Union Ins. Co., 16 La.Ann. 235, 237 (1861). The insurance policy remains in full force and effect except as altered by the words of the endorsement. Inter-Insurance Exchange v. Westchester Fire Ins. Co., 25 Wis.2d 100, 130 N.W.2d 185 (1964); Birnbaum v. Jamestown Mut. Ins. Co., 298 N.Y. 305, 83 N.E.2d 128.

It is clear from the wording of the endorsement in this case that the intention was to modify the provisions of the policy relating to comprehensive general liability insurance by excluding from the bodily injury liability coverage and property damage liability coverage bodily injury or property damage included within the completed operations hazard and products hazard. The fact that some of the coverage for the completed operations hazard or products hazard is provided for in an exception to an exclusion rather than in the general coverage provisions makes no difference under the wording of this endorsement; so long as the coverage appears in the comprehensive general liability insurance portion of the policy, it is to be excluded by the endorsement. Counsel has suggested no reason, and none suggests itself, why coverage provided by, or saved by, an exception to an exclusion of the policy, should be any more exempt from

exclusion by endorsement than are the general coverage provisions themselves. The endorsement had the effect therefore of excluding bodily injury and property damage included within the completed operations hazard or the products hazard regardless of whether coverage for those hazards was provided for by the general coverage provisions of the comprehensive general liability insurance portion of the policy or by an exception to an exclusion from those general coverage provisions.

■ I find, therefore, that no ambiguity and no irreconcilable conflict is created by the wording of the endorsement or by the wording of the exceptions to the exclusions (a) and (k). If, however, an irreconcilable conflict is found to exist between provisions of a policy and provisions of an endorsement, the endorsement must control. 13 Appleman on Insurance, *supra*, at p. 291; Argonaut Ins. Co. v. National Indem. Co., 435 F.2d 718 (10 Cir. 1971); Zurich Ins. Co. v. Bouler, 198 So.2d 129 (La.App. 1967); Jefferson Downs, Inc. v. American General Ins. Co., 214 So.2d 244 (La. App.1968); St. Paul Fire & Marine Ins. Co. v. Roubion, 252 So.2d 679 (La.App. 1971).

Plaintiff makes the additional argument that the wording of the definitions of "completed operations hazard" and "products hazard" is not broad enough to exclude all the coverage afforded by the exceptions to exclusions (a) and (k), and therefore the exclusion of these hazards by endorsement does not exclude coverage for certain claims under exceptions to exclusions (a) and (k). He contends that claims under the exception to exclusion (a) arising from breach of "warranty of fitness or quality of the named insured's products" or breach of "warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner", or claims under the exception to exclusion (k) arising from "bodily injury * * * resulting from the active malfunctioning of such products or work" are claims for

breach of "implied warranty". Plaintiff then urges that the italicized language in the definitions of "completed operations hazard" and "products hazard" refers only to "express warranty" so that bodily injury arising out of reliance upon an "implied warranty" would not be excluded by the endorsement excluding these hazards.

> "completed operations hazard" includes bodily injury * * * arising out of operations or *reliance upon a representation or warranty made at any time with respect thereto* * * *

> "products hazard" includes bodily injury * * * arising out of the named insured's products or *reliance upon a representation or warranty made at any time with respect thereto* * * *

■ The words "reliance upon a representation or warranty made at any time with respect thereto" in the hazard definitions are not, as urged by plaintiff, clearly a reference to "express warranty" and not "implied warranty". Warranties are either made expressly or made by implication. There is nothing in the language used indicating that only those warranties expressly made were intended.

■ Since making the foregoing argument, plaintiff has filed a supplemental brief in which he represents that he has now discovered very serious specified acts of negligence on the part of Empire Machine Works in connecting the wrong type of clutch to the engine which allegedly exploded, and in using inadequate bolts to secure the flywheel to the reduction gear. He argues that nowhere in the policy is negligence excluded, particularly negligence of the type hereinabove described, and the policy should therefore be held to cover this negligence claim. The argument, as I understand it, is that if the operations or the products are caused to be defective or faulty through negligence and result in bodily injury, the negligence

claim is not excluded under the policy because "negligence" is not specifically mentioned therein. This argument cannot be sustained. The words "arising out of operations" and "arising out of the named insured's products" in the hazard definitions [3] are broad enough to include bodily injury arising out of operations or products caused to be defective or faulty by negligence.

Empire Machine Works filed a memorandum in support of plaintiff's motion to show that coverage was afforded Empire for plaintiff's injuries by the contract of insurance entered into with Argonaut. The arguments made therein have been largely answered in the discussion hereinabove, and they are otherwise found to be without merit.

3. "completed operations hazard" includes bodily injury *arising out of* operations * * * "products hazard" includes bodily injury * * * *arising out* of the named insured's products * * *