Bowlero Corp. v AIG Specialty Lines Ins. Co. (2025 NY Slip Op 00038)

Bowlero Corp. v AIG Specialty Lines Ins. Co.

2025 NY Slip Op 00038

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653170/21 Appeal No. 3397 Case No. 2023-02415 

[*1]Bowlero Corporation, Plaintiff-Appellant,
v
AIG Specialty Lines Insurance Company, et al., Defendants-Respondents.

Haynes and Boone, LLP, New York (Peter A. Halprin of counsel), for appellant.
Dentons US LLP, New York (Catharine Luo and Keith Moskowitz of counsel), for AIG Specialty Lines Insurance Company, respondent.
Zelle LLP, New York (Jennifer A. Hoffman of counsel), for Everest Indemnity Insurance Company, respondent.
Hinshaw & Culbertson LLP, New York (Courtney E. Murphy of counsel), for Landmark American Insurance Company, respondent.
Mound Cotton Wollan & Greengrass, LLP, New York (Robert S. Goodman of counsel), for Starr Surplus Lines Insurance Company, respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 18, 2023, which granted the motion of defendants AIG Specialty Lines Insurance Company, Everest Indemnity Insurance Company, Landmark American Insurance Company, and Starr Surplus Lines Insurance Company to dismiss the complaint, unanimously modified, on the law the motion denied as to Landmark and the complaint reinstated as against it, and otherwise affirmed, without costs.
Plaintiff failed to state a cause of action as against AIG, Everest, and Starr. As to those defendants, plaintiff relies on a civil authority coverage extension, asserting that the extension does not require physical loss but only an imminent loss by a peril insured. Furthermore, plaintiff argues that the special time element coverage for a contagious disease outbreak does not require a physical loss and is a peril insured sufficient to satisfy the civil authority extension requirement. We disagree. Plaintiff's reading renders any exclusion or sublimit to the special time element meaningless and "violates basic rules of contract construction" (Century 21 Dept. Stores, LLC v Starr Surplus Lines Ins. Co., 226 AD3d 532, 533 [1st Dept 2024]). Similarly, we reject plaintiff's argument that Starr's amendatory endorsement did not exclude the special time element extension.
However, plaintiff stated a cause of action as against Landmark, as the complaint sufficiently alleges that the special time element coverage extension in the Landmark policy was triggered by the COVID-19 pandemic. Furthermore, the additional pathogenic materials exclusion in Landmark's insurance policy, which will negate coverage in the event of pathogenic material "discharge, dispersal, seepage, migration, release, escape or application," does not act to negate coverage here, as the terms of the exclusion do not clearly and unmistakably apply. To interpret this exclusion as broadly as Landmark argues for would render meaningless the provisions of the special time element that cover infectious or contagious disease (see C.J. Segerstrom & Sons v Lexington Ins. Co.,2023 US Dist LEXIS 33293, *23-25 [CD Cal, Feb. 27, 2023, No. 8:22-cv-00466-MEMF-JDEx]). "Here the defendant could have deleted [those provisions], or expressly cancelled them in the indorsement or at least referred in some manner to [them]" (Birnbaum v Jamestown Mut. Ins. Co., 298 NY 305, 313[1948]). Common language was available and "could have been used to draft an unambiguous exclusion" (Vigilant Ins. Co. v V.I. Tech., 253 AD2d 401, 403 [1st Dept 1998], lv dismissed 93 NY2d 999 [1999]), yet Landmark chose "terms of art in environmental law" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 387 [2003]). Reading the policy "in light of 'common speech' and the reasonable expectations of a businessperson" and giving "a strict and narrow construction" (id. at 383), the exclusion does not apply (see Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 340 [2000]). 
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025