In the Matter of the Claim of SAMUEL GARELICK, Respondent, against HYMAN ROSEN et al., Appellants. ZACH FISHKIN et al., Respondents; STATE INDUSTRIAL BOARD, Respondent.

Argued March 4, 1937; decided April 27, 1937.

*William S. Sinclair* and *James J. Mahoney* for appellants. By indorsement for which it accepted and retained the premium, the respondent guaranty company extended its insurance to cover the entire day of December 11, 1934, and is estopped from denying liability. The language of the indorsement is clear and unambiguous, and construction may not be resorted to. (*Ludwig* v. *Jersey City Ins. Co.*, 48 N. Y. 379; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Driggs* v. *Albany Ins. Co.*, 10 Barb. 440; *New York & P. R. S. S. Co.* v. *Ætna Ins. Co.*, 204 Fed. Rep. 255; *Matter of Orto* v. *Poggioni*, 245 App. Div. 782; 271 N. Y. 551; *Hawkeye Clay Works* v. *Globe & Rutgers Fire Ins. Co.*, 202 Iowa, 1270; *Schmith* v. *Union Mut. Casualty Co.*, 216 Iowa, 936; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Malin* v. *Netherlands Ins. Co.*, 203 Mo. App. 153; *Metzger* v. *Ætna Ins. Co.*, 229 App. Div. 26; *Aschenbrenner* v. *United States Fidelity & Guaranty Co.*, 292 U. S. 80; *Howell* v. *Globe & Rutgers Fire Ins. Co.*, 133 Misc. Rep. 193; *Swift* v. *Zurich General Accident & Liability Ins. Co.*, 112 Cal. App. 709; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Taylor* v. *United States Casualty Co.*, 269 N. Y. 360.)

*William Warren Dimmick* for Zach Fishkin et al., respondents. The findings of the Industrial Board on policy coverage should be affirmed. There is presented a question of fact conclusive with the Industrial Board. (*Rhyner* v. *Hueber Building Co.*, 171 App. Div. 56; *Seligson* v. *Fireman's Fund Indemnity Co.*, 267 N. Y. 624; *Matter of Simpkins* v. *Steffen*, 255 N. Y. 65; *Matter of Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 259; *Matter of Rosen* v. *Ostrofsky*, 264 N. Y. 494; *Weydman* v. *Niagara Boiler Works*, 264 N. Y. 503; *Malten* v. *Spencer*, 180 N. W. Rep. 261; *Bohles* v. *Prudential Ins. Co.*, 88 N. J. L. 315; *Sovereign Camp* v. *Reed*, 208 Ala. 457.)

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board, respondent.

HUBBS, J. The claimant in this compensation case was employed by Fishkin, a subcontractor of Rosen, the appellant. Rosen was insured by the Maryland Casualty Company. Fishkin, the subcontractor, was insured by the United States Fidelity and Guaranty Company. His policy, by its terms, expired on November 11, 1934, at 12:01 A. M. Prior to the date of its expiration, he applied to the United States Company for an extension for one month. An indorsement was attached to the policy extending it for one month " to expire on December 11th." On December 11, in the afternoon, the claimant was injured. The referee found that the policy covered for the entire day of December 11. The Board reversed the referee and found that the policy expired at 12:01 A. M. on December 11. The Appellate Division has affirmed.

The indorsement attached to the policy extending it reads as follows:

" In consideration of an Additional Premium of $20.30 it is hereby understood and agreed that the under-mentioned Policy is extended for a period of One (1) Month, to expire on *December 11th, 1934.*

\*     \*     \*     \*     \*     \*     \*

" Subject *otherwise* to all the terms, limits and conditions of the policy to which this endorsement is attached."

It is perfectly clear that if the last quoted sentence had not appeared upon the indorsement, the indorsement would have had the effect of extending the policy for the full day of December 11. An insurance policy which, by its terms, is to expire on a certain day, covers for the full day upon which it expires. (Richards on the Law of Insurance [4th ed.], p. 325, and note 27 on pp. 324, 325; Vance on the Law of Insurance, p. 268, note 32, and cases cited; *Supreme Council American Legion of Honor* v. *Gootee,* 89 Fed. Rep. 941; General Construction Law [Cons. Laws, ch. 22], § 19.)

The question is whether that last sentence carries into the indorsement the provision of the policy which provides that the original policy shall expire on November the 11th at 12:01 A. M. standard time, and makes the policy as extended by the indorsement expire at 12:01 A. M. on December 11th.

A reasonable construction of the sentence requires that the word " otherwise " be construed as referring back to the time to which the original policy would expire by its terms. Otherwise, the terms, limitations and conditions of the policy apply during the extended term, but the term of the original policy as issued came to an end and the new term " to expire on December 11th " became effective. The words " at twelve and one minute o'clock A. M., standard time," simply applied to the time of the expiration of the policy itself, and while those words constitute a term and limit of the policy, they do not constitute a term and limit of the indorsement. If it was the purpose of the insurance company to limit the time for which the policy was extended by the indorsement to 12:01 A. M. December 11th, it should have included a statement to that effect on the indorsement. Because the original policy by its terms expired at 12:01 A. M. is not a controlling reason why an extension of that policy by an indorsement must necessarily expire at 12:01 A. M. Both parties agree that the coverage expired on December 11. The indorsement so reads: " to expire on December 11th, 1934." How can it be said that because the original policy expired at 12:01 A. M., that the indorsement indicated that the extension granted by it should expire at 12:01 A. M. unless it was so stated thereon?

True it is that the indorsement was made subject to all the terms, limits and conditions of the policy. One of the terms and limits of the policy as originally written was that it should expire at 12:01 A. M., but the indorsement and the policy constituted a new contract, which, according to its terms, did not expire at 12:01 A. M. The typewritten indorsement attached to the policy con-

stituted a new agreement extending the original policy for the period stated thereon and the terms and conditions of the original policy remained in force except as modified by the terms of the indorsement. (*Ludwig* v. *Jersey City Ins. Co.*, 48 N. Y. 379.)

No question of fact is involved. The construction placed upon the policy and indorsement by the lower court was one of law. Under the familiar rule for the construction of contracts prepared by an insurance company, it must be construed favorably to the insured and all ambiguities, if any, resolved in his favor. The question is what would an ordinary person in reading the indorsement understand having in mind that he had applied for an extension of the policy for one month. (*Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Stroehmann* v. *Mutual Life Ins. Co.*, 300 U. S. 435.)

We believe that it is a matter of common knowledge as well as a principle of law that a contract which, by its terms, expires on a certain day, remains in force for the whole of that day unless by its express wording it is limited to a certain time of the day upon which it expires. In the absence of an express limitation, the law does not take notice of a fraction of a day. (General Construction Law, § 19.)

The appellants, the contractor and his insurance carrier, have been held liable because the subcontractor did not have any insurance coverage. As we hold that the policy of the respondent subcontractor was in force, it follows that the appellants are not liable.

The order of the Appellate Division and the award of the State Industrial Board should be reversed, with costs, and the matter remitted to the State Industrial Board to proceed in accordance with this opinion.

LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., dissent.

Ordered accordingly.