[S. F. No. 22161. In Bank. Dec. 7, 1965.]

CITY OF PLEASANTON, Plaintiff and Respondent, v. THURSTON O. BRYANT, Defendant and Appellant.

T. O. BRYANT et al., Plaintiffs and Appellants, v. CITY COUNCIL OF THE CITY OF PLEASANTON et al., Defendants and Respondents.

(Consolidated Cases.)

Charles B. Snow, Naranjan S. Heer and Snow & Heer for Defendant and Appellant and Plaintiffs and Appellants.

William A. Struthers, Jr., City Attorney, Sturgis, Den-Dulk, Douglass & Anderson and Robert T. Anderson for Plaintiff and Respondent and Defendants and Respondents.

BURKE, J.—These two mandamus proceedings, consolidated for purposes of trial and appeal, involve the validity of (1) an incorporation proceeding initiated by appellants (self-termed the Dublin Group); and (2) an annexation proceeding subsequently undertaken by the City of Pleasanton, of territory which overlapped that included in the incorporation proceeding.[1]       We have concluded that the trial court correctly determined that the incorporation proceeding was

---

[1] Respondents on appeal are the City of Pleasanton, a municipal corporation, the City Council, and the members thereof (sometimes herein collectively referred to as the City); and the Board of Supervisors, the members thereof, and the County Clerk of the County of Alameda (sometimes herein collectively referred to as the Board).

The designation of the Board as one of the appellants in the notice of appeal filed on behalf of the Dublin Group was subsequently corrected by a request to disregard such designation.

defective because notice thereof was filed prematurely, and that such proceeding consequently provided no impediment to the annexation; the judgment will therefore be affirmed.

On April 18, 1963, the Dublin Group filed with the board of supervisors a notice of intention to circulate a petition for incorporation as a new city of certain unincorporated territory in Alameda County, herein called "second incorporation notice." (Gov. Code, § 34302.5.)[2]

The following day, April 19, the City initiated proceedings under the Annexation of Uninhabited Territory Act of 1939 (§§ 35300 et seq.) for the annexation of territory which overlapped that described in the April 18 incorporation notice. On June 10, 1963, the city council closed the protest hearing on the annexation proceeding, determined that there was not a majority protest, and introduced an ordinance annexing the territory. (§ 35314.)

On June 13, 1963, the Dublin Group filed its petition for writs of mandamus and of review against the City, attacking the validity of the annexation proceeding; and in August 1963 the City sought mandamus against the Board and against one Bryant, named as chairman of the Dublin Group, attacking the validity of the second incorporation proceeding. The trial court concluded that such incorporation proceeding was invalid and that the annexation proceeding attacked by the Dublin Group was valid in all respects. Accordingly, judgment was entered for the City in both matters, and this appeal by the Dublin Group followed.

Both sides rely among other things upon section 34302.6, which directs that "For a *period of 90 days after* the *filing of* such *notice of intention* [to incorporate] (a) *no other notice of intention shall be filed* hereunder *for* the incorporation of *any of* the *same territory* described in the filed notice; . . . (c) *no . . . proceedings* shall be instituted by . . . any city *for* the *annexation of any such territory* under the provisions of this division [which includes the Uninhabited Act]." (Italics added.)

On January 18, 1963, a notice of intention to circulate a petition for incorporation as a new city (first incorporation notice) had been filed with the Board. This first notice had described substantially all of the territory described in the second incorporation notice filed April 18, 1963. The City

[2]All section references are to the Government Code unless otherwise indicated.

contends that the second notice violated section 34302.6 in that it was filed one day early in view of the 90-day period specified in the section. The Dublin Group argues that the 90-day prohibition does not apply to themselves, that in any event the second notice was not filed prematurely, and that it was the City's annexation proceeding initiated on April 19, 1963, which violated section 34302.6 because it followed too closely the second incorporation notice.

In *Ley* v. *Dominguez* (1931) 212 Cal. 587, 594 [299 P. 713], it is held that the correct method of computing time when a statute refers to a specified period *after* an event requires the exclusion of the day on which the event occurs. (See also Gov. Code, § 6800; Code Civ. Proc., § 12; Civ. Code, § 10.) The statute here involved (§ 34302.6) states that "For a period of 90 days *after* the filing of" (italics added) the first notice of intention to incorporate, no other such notice shall be filed covering any of the same territory. The first notice was filed on January 18, 1963; and the period of 90 days *after* January 18 included April 18, 1963.[3] Thus the second notice of intention, filed April 18, 1963, was one day premature. This conclusion is supported by *Municipal Imp. Co.* v. *Thompson* (1927) 201 Cal. 629 [258 P. 955], relied upon by the Dublin Group. The language of the statute there considered differed from that now before us, but the court noted (p. 632) that if that statute had "read that the objections should be heard at least 'twenty days *after* the posting of notices,'" (italics added), then the first day (September 25) would be excluded and the last day (October 15) included, the prescribed 20-day waiting period would intervene, and the hearing held October 15 would have been one day early. *Thompson* further declares that "The law takes no notice of fractions of a day. Any fraction of a day is deemed a day unless in a particular case it is necessary to ascertain the relative order of occurrences on the same day." (See also *Reichardt* v. *Reichardt* (1960) 186 Cal.App.2d 808, 810 [9 Cal.Rptr. 225].)

If section 34302.6 read that "For a period of *one day after* the filing of" the first notice no other notice shall be filed, it could not reasonably be suggested that a second filing could be made on the day which immediately followed the day of the filing of the first notice. The 90-day period which the statute does specify requires the same approach. As the Dub-

[3]January: 13 days; February: 28 days; March: 31 days; and April: 18 days. TOTAL: 90 days.

lin Group states in its brief, the rule with respect to computation of time deals with two distinct types of situations, namely: (1) That in which the question is whether a given act was done *too late* (or was timely because done *before* expiration of the specified period during which it must or may be done), and (2) That in which the question is whether a given act was done *too early* (or was timely because done *after* expiration of the specified period during which it is forbidden). In either case, (1) or (2), the rule for computing the time is the same. Applying it here, the second notice of intention to incorporate was, as already noted, filed one day prematurely, and therefore provided no impediment to the annexation proceeding initiated by the City on April 19, 1963. Cases relied upon by the Dublin Group in support of its contention to the contrary involve statutes cast in other language and no useful purpose would be served by discussing them here.

The Dublin Group asserts, however, that it is the "unincorporated association" which filed the first notice of intention to incorporate, and that section 34302.6 was not intended by the Legislature to apply to a second notice of intention filed by the same association or group of incorporators.

This position is stated without supporting authorities and is without merit, even assuming that both notices were filed by the same association or group. ▮▮ As the Dublin Group points out, section 35007 (made applicable to the Uninhabited Act by section 35301) permits a city to terminate annexation proceedings at any time prior to the date set for the hearing of protests, and under certain limited circumstances to thereafter institute new proceedings for annexation of the same territory without awaiting the expiration of the statutory periods otherwise imposed. (See, e.g., § 35308.) However, no like authority to terminate incorporation proceedings and initiate them anew within otherwise proscribed time periods is contained in the incorporation statutes. The plea of the Dublin Group that incorporators ought to be treated similarly to annexing cities in this respect should more appropriately be addressed to the Legislature, which has not yet seen fit to so provide. It is axiomatic that incorporation and annexation proceedings are creatures of statute and that they are governed by the provisions of such statutes.

The conclusion that the second notice of intention to in-

corporate was filed prematurely and thus was ineffectual to bar the proceedings initiated by the City the following day for annexation of much of the territory described in the incorporation notice renders it unnecessary to reach or discuss other contentions of the parties.

The judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.

Appellants' petition for a rehearing was denied January 6, 1966.