Richard R. CLEMENTS, Trustee in Bankruptcy of the Estate of Jesse E. Caton, dba Caton Production Machines, Appellant,

v.

PASADENA FINANCE COMPANY, a California corporation, et al., Appellees.

No. 21002.

United States Court of Appeals Ninth Circuit.

April 7, 1967.

Richard M. Moneymaker, William J. Tiernan, Los Angeles, Cal., for appellant.

James A. McLaughlin, McLaughlin & McLaughlin, Los Angeles, Cal., for appellees.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

2. Rachal v. Allen, 5th Cir. 1963, 321 F.2d 449.

COPPLE, District Judge:

This is an appeal from a summary judgment of the District Court in favor of the defendant below and against the plaintiff, Trustee in Bankruptcy. Plaintiff has appealed.

The sole question for review is whether or not there was sufficient compliance with the requirements of California Civil Code Section 3440(h), which reads in pertinent part as follows:

"§ 3340.   Transfers and liens without delivery

Conclusive presumption of fraud

Every transfer of personal property and every lien on personal property made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the things transferred, is conclusively presumed fraudulent and void as against the transferor's creditors while he remains in possession and the successors in interest of those creditors, and as against any person on whom the transferor's estate devolves in trust for the benefit of others than the transferor and as against purchasers or encumbrancers in good faith subsequent to the transfer.

Exceptions

This section shall not apply to any of the following:

\*        \*        \*        \*        \*        \*

(h) A transfer of personal property if:

(1) Said personal property is leased back to the transferor immediately following said transfer.

(2) The transferor (lessee) or the transferee, (lessor) records at least 10 days before the date of the transfer and leaseback in the office of the county recorder in the county or counties in which the personal property is situated, a notice of the intended transfer and leaseback which states the name and address of the transferor (lessee) and transferee (lessor). The notice shall contain a general statement of the character of the personal property intended to be transferred and leased back, and show the date when and place where the transaction is to be consummated.  \*   \* "

It is admitted that the notice was recorded August 10, 1964, at 3:30 o'clock P.M., and the sale and leaseback transaction was held August 20, 1964, at 10:00 A.M.

Appellant contends:

1.    That the notice of intended transfer and leaseback was not recorded at least 10 days before the date of transfer and leaseback.

2.    To reach this conclusion Appellant further contends that the ordinary rule for computing time does not apply to Section 3440(h) of the Civil Code of California.

The District Court disagreed with Appellant and we affirm.

■    Because it is a question of construing a state statute, we must look to the law of the State of California and view the matter as we would expect it to be viewed by the highest court of that state.

Neither counsel has cited, nor have we found, a California case specifically construing the time requirement of this particular section.

Appellant attempts to equate the time requirement of Section 3440(h) with the time requirement of California Civil Code Section 3440.1 (Bulk Sales Act), while admitting: "It is clear that Civil Code Section 3440.1 did require a different computation of time by the express command: The sale shall not occur within 10 days from the recordation of notice."

Admittedly no such special command was given by the legislature in connection with Section 3440(h).  Some significance must be accorded this omission.

The general rule for computation of time is stated in Section 10 of the California Civil Code as follows:

"COMPUTATION OF TIME. The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded."

No holiday is involved here.

■ In order to apply a different method of computing time, the particular statute involved must specifically require the application of a different rule. 47 Cal.Jur.2d (Time), Section 12, p. 673, Union Oil Co. of California v. Domengeaux, 30 Cal.App.2d 266 at 272 and 273, 86 P.2d 127; Reichardt v. Reichardt, 186 Cal.App.2d 808 at 809 and 810, 9 Cal.Rptr. 225; Ley v. Dominguez, 212 Cal. 587 at 595, 299 P. 713. See also Municipal Improvement Co. v. Thompson et al., 201 Cal. 629, 258 P. 955; and City of Pleasanton v. Bryant, 63 Cal.2d 643, 47 Cal.Rptr. 807, 408 P.2d 135.

In interpreting a statutory requirement of posting notice *at least 10 days before hearing*, notice posted July 12th for hearing on July 22nd was held sufficient in Bates v. Howard, 105 Cal. 173, 38 P. 715; notice posted January 5th for hearing on January 15th was held sufficient in In re Wright's Estate, 177 Cal. 274, 170 P. 610. See also discussion and cases cited in 86 C.J.S. Time § 13(4) at page 855.

■ Absent a specific statement of legislative intent to the contrary, the Court has neither found nor been directed to any California authority holding or indicating that the phrase " * * * records at least ten days before the date of the transfer and leaseback * * * ", or similar language, requires that ten days must elapse after the day of the act of recording and before the day of the event. Only the exclusion of either the first day or the last is required, not both. Municipal Improvement Co. v. Thompson, supra. Appellant could prevail only upon a re-

quirement of excluding both the first day (day of recording) *and* the last (date of transfer or leaseback) in this case. We find no such requirement.