■ JAMES SAVINO, Doing Business as DEER PARK FRUIT PORT, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—In an action on a fire insurance policy, the defendant insurer appeals from an interlocutory judgment of the Supreme Court, Suffolk County, dated May 6, 1976, which is in favor of plaintiff and against it, after a nonjury trial limited to the issue of liability only. Interlocutory judgment affirmed, with costs. On August 2, 1974 defendant issued and delivered to plaintiff a standard fire insurance policy covering plaintiff's fruit and vegetable store. Plaintiff financed the premiums for his fire insurance policy through Insur-Aid. Plaintiff failed to make payments and Insur-Aid, through a power of attorney granted it by plaintiff, sent defendant, on December 2, 1974, a notice canceling the policy. The notice provided that the policy would be canceled effective December 3, 1974 at 12:01 A.M. Defendant received the notice on December 4, 1974 at approximately 10:30 A.M. At approximately 8:30 P.M. on December 4 the insured premises were damaged by fire. Defendant contends that, when the fire occurred, the policy had already been canceled. We hold that defendant's contention lacks merit. In view of the fact that the notice here was not received on December 3, 1974, the intended day of cancellation, but rather on December 4, 1974, it remained in effect for all of the day on which it was actually received (cf. *Matter of Garelick v Rosen,* 274 NY 64). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ DOROTHY A. STALLONE, Respondent, v MICHAEL J. STALLONE, Appellant.—In a matrimonial action, defendant appeals, as limited by his brief, from so much of a judgment of separation of the Supreme Court, Nassau County, entered August 4, 1975, after a nonjury trial, as directed him to pay $60,000 to plaintiff. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and action remitted to Special Term for further proceedings to determine what part of the $60,000 in question emanated from joint accounts and jointly owned stocks. The findings of fact were not considered. Account No. 34106 was not a joint account. Subdivision (a) of section 675 of the Banking Law requires that a joint account be payable to "either, or the survivor" of the named depositor and another person. Although all of the members of defendant's family were signatories to the Stallone Enterprise Company account, the statutory survivorship provision was lacking. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.