Filed 6/13/13  Maximum Engineering v. Quinn Group CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MAXIMUM ENGINEERING, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> QUINN GROUP, INC., et al., <br><br> Defendants and Respondents. | B239220 <br><br> (Los Angeles County Super. Ct. No. BC458017) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Fruin, Judge.  Affirmed.

Law Office of Sohaila Sagheb and Sohaila Sagheb for Plaintiff and Appellant.

Sedgwick LLP, Steven D. Di Saia, Douglas J. Collodel, Daniel W. Bir, Mathew R. Groseclose; Chapman Glucksman Dean Roeb & Barger, Craig A. Roeb, Ronald P. Van and Lauren Kadish for Defendants and Respondents.

_____

The trial court granted summary judgment on the basis that plaintiff and appellant Maximum Engineering, Inc., lacked standing and was judicially estopped from bringing an action for breach of warranty against defendants and respondents Quinn Group, Inc., and Caterpillar, Inc., because the warranty claim was not listed on Maximum's schedule of assets in a now-closed bankruptcy action. Motions for reconsideration and to amend the complaint to add the former bankruptcy trustee as a coplaintiff were denied.

Maximum appeals from orders denying reconsideration and to amend the complaint and granting summary judgment in favor of defendants.[1] This issue presented is whether Maximum or the former trustee had standing to bring the action. We hold summary judgment was properly granted on the ground that Maximum lacked standing to bring the action, the trial court did not abuse its discretion in denying the motion for reconsideration, and the former trustee also lacked standing because the bankruptcy case had been closed and he had been discharged.

## BACKGROUND

### The Complaint

Maximum filed a complaint seeking damages of $600,000 based on causes of action for breach of warranty agreement, breach of extended commercial warranty, and intentional interference with business relations. Maximum alleged Quinn refused to honor the warranty on its repair of an expensive piece of construction equipment, and Quinn interfered with Maximum's business relations by threatening not to do business with anyone doing business with Maximum. Maximum alleged that Caterpillar refused to repair the equipment pursuant to its extended service contract. Answers to the complaint were filed by defendants.

---

[1]     Maximum also purports to appeal from "all subsequent appealable and nonappealable judgment and orders."

**Defendants' Joint Motion for Summary Judgment**

Defendants filed a joint motion for summary judgment, arguing Maximum lacked standing to sue because Maximum filed for bankruptcy under chapter 11 in April 2009, the case was converted to chapter 7, and was closed by the United States Bankruptcy Court in February 7, 2011. Maximum failed to state the warranty claims in the schedule of assets in both the chapter 11 and chapter 7 proceedings. As a separate basis for summary judgment, defendants argued Maximum should be judicially estopped from pursuing its action against them due to its failure to list the claim as an asset in the bankruptcy proceedings.

As undisputed material facts, defendants established that Maximum's claims were based on conduct occurring in 2008. In April 2009, Maximum filed for bankruptcy protection under chapter 11. The schedule of personal property (Schedule B) in the chapter 11 proceeding makes no mention to warranty claims against defendants. In September 2010, the bankruptcy was converted to chapter 7, and again, Maximum failed to set forth the warranty claims on Schedule B. In February 2011, the case was closed by the bankruptcy court and the trustee was discharged of his duties. In March 2011, Maximum filed this action.

**Maximum's Opposition to Summary Judgment**

Maximum opposed the summary judgment motion on the issue of standing by asserting that the warranty claims had been disclosed during the course of the bankruptcy proceedings to the bankruptcy court, the trustee, and the creditors. Maximum set forth the following disclosures of its claim against defendants: (1) Quinn's claim against Maximum was listed as disputed on Schedule F, putting creditors on notice that

Maximum claimed offsets against Quinn;[2] (2) in a Statement of Major Issues filed in April 2009, Maximum stated it "has a warranty claim to litigate with Quinn"; (3) bankruptcy counsel orally advised the trustee and creditors at the first meeting of creditors that Maximum has "litigation claims with respect to warranty and service issues" on the equipment and there will "be litigation claims against Quinn Company and Caterpillar over that"; (4) a status report filed in May 2009 does not mention defendants by name, but explains the bankruptcy petition was filed in part due to the failure of the equipment and resulting losses to Maximum; (5) at a June 2009 status conference, bankruptcy counsel told the bankruptcy court "we have two pieces of litigation," identifying one as "a breach of warranty claim on the Caterpillar equipment, the maintenance of those by Quinn Company," but the bankruptcy court indicated it would abstain from hearing those actions, which it suggested be filed in state court; (6) in opposing a motion to dismiss the chapter 7 bankruptcy, Maximum attached the Statement of Major Issues; and (7) after conversion from chapter 11 to chapter 7, amended schedules were filed with the bankruptcy court in November 2010, which again listed "the Quinn claim" on Schedule F.

Maximum argued judicial estoppel did not apply because it had not taken inconsistent positions in the bankruptcy court and in the instant action. The warranty claims had been disclosed, so no one was mislead, and the trustee abandoned the claims by failing to pursue them.

Defendants filed a joint reply and evidentiary objections.

---

[2] Quinn's claim of $96,000 is shown on Schedule F as a "Business Debt." A box on the claim used to indicate "if claim is subject to offset" makes no mention of any offset or the warranty claim against Quinn. On a separate list of "20 largest unsecured claims" Maximum indicated Quinn's claim was "Disputed."

**Ruling on the Joint Motion for Summary Judgment**

A hearing was held on the motion for summary judgment on November 15, 2011. The trial court issued a written ruling granting the joint motion for summary judgment on November 18, 2011. The minute order stated the court signed the order granting summary judgment and judgment pursuant to Code of Civil Procedure section 437c, and ruled on objections to Maximum's evidence. The parties were served by the court clerk. An amended ruling granting summary judgment and judgment was filed on November 21, 2011.[3]

The amended ruling found that Maximum was required to disclose the warranty claims in the bankruptcy proceedings, that it had failed to do so, and Maximum, "therefore, is estopped and lacks standing to prosecute those claims for its own benefit herein." The ruling stated the trial court had signed and serves the order granting summary judgment and judgment, also serves rulings on defendant's evidentiary objections. The court ruled Maximum failed to comply with its duty to disclose its claim against defendants on Schedule B in the bankruptcy proceeding. The mention of the claims at various times during the bankruptcy proceedings did not satisfy Maximum's obligation to properly schedule assets. Maximum never listed its warranty claim and never disclosed the purported $600,000 value of the claim, unfairly depriving creditors of its value by seeking to keep the claim for its own benefit. There is no evidence the trustee in bankruptcy knowingly abandoned the warranty claims.

---

[3]    Notice of the amended ruling was served on the same day. The notice stated summary judgment was granted but did not state that judgment had also been granted. The amended ruling, as opposed to the notice of entry, clearly stated judgment had been signed.

**The Motion for Reconsideration and to Amend the Complaint**

On November 28, 2011, Maximum filed a motion for reconsideration of the order granting summary judgment. Maximum simultaneously filed a motion for leave to file an amended complaint adding Jerry Namba, the chapter 7 bankruptcy trustee, as a coplaintiff. The motions were supported by Namba's declaration establishing that he was the chapter 7 trustee in Maximum's bankruptcy action, and he did not know of the warranty claims at the time he administered the estate. Maximum did not list the warranty claims in Schedule B. Because he did not know about the warranty claims, they remained property of the estate. Namba intended to pursue the warranty claims in the current action filed by Maximum. Maximum asserted Namba's involvement in the action was newly discovered evidence that supported both reconsideration of the order granting summary judgment and the motion to amend the complaint. Failure to grant the motions would result in windfalls to defendants.

Defendants opposed the motions. First, defendants argued reconsideration was improper because judgment had been entered. Second, Maximum presented no valid grounds for reconsideration.

Maximum filed a reply, arguing it had not been given notice judgment had been entered, because although the November 15, 2011 notice of entry of order indicated judgment was signed, the notice of entry on the amended ruling dated November 18, 2011, made no reference to the judgment. If not a proper motion for reconsideration, Maximum urged the trial court to consider the request as a motion for new trial. Maximum maintained that both it and the trustee had standing to pursue the action.

**Ruling on the Motions for Reconsideration and to Amend the Complaint**

The trial court held a hearing on the motions on January 24, 2012. In its written ruling filed on February 9, 2012, the court stated it lacked jurisdiction to grant the motion for reconsideration because judgment had been entered. But even if considered as a

6

motion for new trial, Maximum had failed to demonstrate error in the granting of summary judgment. Namba's declaration shows the court's ruling that the warranty claims had not been abandoned by the trustee was correct because Namba declared he was unaware of the warranty claims. It was Maximum's fault the claims were not disclosed in bankruptcy. Maximum lacks standing to assert the warranty claim. The motion to amend was also denied. No showing was made that the bankruptcy stay remains in effect and there is no proof that Namba is currently the trustee. The bankruptcy estate had not been reopened. The claim must be submitted to the bankruptcy court before it can be asserted in state court by a trustee.

**DISCUSSION**

**I**

**THE MOTION FOR SUMMARY JUDGMENT WAS PROPERLY GRANTED ON THE GROUND THAT MAXIMUM LACKED STANDING**

The trial court's amended ruling granted summary judgment on two grounds: estoppel[4] and lack of standing. According to Maximum, the issue of standing "was not raised by the Motion for Summary Judgment, which motion was based entirely on the concept of judicial estoppel due to intentional nondisclosure, and therefore is not ripe for review." Maximum's only argument in its opening brief on appeal regarding the summary judgment ruling is that summary judgment was improperly granted on the ground of estoppel.

_____

[4] California courts hold "that judicial estoppel is rarely appropriate in a chapter 7 context in a case in which the debtor has failed to schedule a claim." (*Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 511; *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1020-1021.) Because of our resolution of the summary judgment ruling on the issue of standing, we need not discuss the judicial estoppel contention.

Defendants demonstrated in respondents' brief that the issue of standing had been raised in the motion for summary judgment. The motion for summary judgment was brought on two grounds, the first of which was that "Maximum lacks standing to pursue this action against Quinn and Caterpillar as Maximum failed to identify this lawsuit in the chapter 11 (converted to 7) bankruptcy case." In their points and authorities, defendants specifically argued "Maximum lacks standing to prosecute this lawsuit because it actively concealed this asset during the two-year course of its bankruptcy proceeding."

In its reply brief, Maximum does not attempt to refute defendants' assertion that the standing issue was raised in the trial court. Maximum instead argues it had a right to cure the "standing issue" by amending the complaint to include Namba as a coplaintiff.

By failing to address standing, one of the two alternative grounds for summary judgment, Maximum has forfeited the issue for purposes of appeal. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 [where summary judgment was granted on various grounds, failure to discuss one of the grounds forfeited the issue on appeal].) On this basis alone, we affirm the order granting summary judgment. In any event, a brief review of the law demonstrates the trial court correctly ruled that Maximum lacked standing and summary judgment was properly granted.

"In a bankruptcy proceeding, the 'bankruptcy code place[s] an affirmative duty on [the debtor] to schedule his assets and liabilities. [11 U.S.C.] § 521(1). If he fail[s] properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor]. *See Stein v. United Artists Corp.*, 691 F.2d 885, 893 (9th Cir. 1982) (holding that only property "administered or listed in the bankruptcy proceedings" reverts to the bankrupt); *accord Hutchins v. IRS*, 67 F.3d 40, 43 (3d Cir. 1995); *Vreugdenhill v. Navistar* [*Intern. Transportation*] *Corp.* [(8th Cir. 1991)] 950 F.2d [524,] 526 . . . (holding that property is not abandoned by operation of law unless the debtor "formally schedule[s] the property before the close of the case"). [¶] "[T]he debtor has a duty to *prepare schedules carefully, completely, and accurately*." *In re Mohring*, 142 B.R. 389, 394 (Bankr.E.D.Cal.1992); *accord In re Jones*, 134 B.R. 274, 279 (N.D.Ill.1991); *In re Baumgartner*, 57 B.R. 513, 516 (Bankr.N.D.Ohio1986); *In*

8

*re Mazzola*, 4 B.R. 179, 182 (Bankr.D.Mass.1980). . . .' [Citation.]" (*M & M Foods, Inc. v. Pacific American Fish Co., Inc.* (2011) 196 Cal.App.4th 554, 563-564.)

Because Maximum did not list the warranty claims on Schedule B, they were not abandoned by the trustee, and did not pass to Maximum by operation of law. "[I]n order for property to be abandoned by operation of law pursuant to [United States Code] section 554(c), the debtor must formally schedule the property before the close of the case. It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to [United States Code] section 521(1). See 4 *Collier on Bankruptcy,* para. 554.02[5] (1982)." (*Vreugdenhill v. Navistar Intern. Transportation Corp., supra,* 950 F.2d at p. 526.)

It is undisputed that Maximum never listed the warranty claims on Schedule B in the bankruptcy court. Whatever passing mentions were made of the claims are insufficient, as a matter of law, to establish that the trustee abandoned the claims. Because the claims remained the property of the bankruptcy estate, the trial court properly granted summary judgment on the basis that Maximum had no standing to bring the action. Our resolution of the issue of standing negates any need to discuss the alternate theory of estoppel.

## II

### DENIAL OF THE MOTION FOR RECONSIDERATION AND MOTION TO AMEND THE COMPLAINT

Relying on Namba's declaration that he would pursue the warranty claims as trustee of the bankruptcy estate, Maximum argues the trial court abused its discretion when it denied its motion for reconsideration (which the court treated as a motion for new trial) and also denied the motion to amend the complaint to add Namba as a coplaintiff. Finding no abuse of discretion, we reject the contentions.

9

## A. The Motion for Reconsideration

The trial court properly denied the motion for reconsideration based on a lack of jurisdiction. The court observed that it had signed the order granting summary judgment *and judgment* in its order of November 18, 2011. Once judgment is entered, the court has no jurisdiction to rule on a motion for reconsideration. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859, fn. 29; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 192 (*Sole Energy*).) Reconsideration was therefore properly denied.

## B. Deeming the Motion for Reconsideration a Motion for New Trial

A trial court has discretion to treat a motion for reconsideration as a motion for new trial. (*Sole Energy*, *supra*, 128 Cal.App.4th at p. 193.) Here, the trial court considered the motion for reconsideration as a motion for new trial, rejecting it on the merits. We therefore address the issue as if reviewing a motion for new trial following the entry of summary judgment and judgment.

An order granting summary judgment may be challenged by a motion for a new trial on any available statutory ground, including that there are triable issues of material fact. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1176.) Rulings on new trial motions are generally reviewed for an abuse of discretion, but when the motion for new trial is sought following summary judgment and the issue is whether triable issues of material fact exist, we review the contention under the de novo standard of review. (*Ibid.*)

The trial court did not err in denying a new trial motion. As discussed above, Maximum failed, as a matter of law, to establish that it had standing to bring the action, which was not scheduled as required in bankruptcy court.

Setting aside the questionable assertion by Maximum that Namba's declaration constitutes newly discovered evidence as defined in Code of Civil Procedure section 657, subdivision 4, it is readily apparent that the declaration was of no assistance to

10

Maximum. Maximum had opposed summary judgment on the ground Namba had abandoned the warranty claims, but that proposition was thoroughly refuted by Namba's declaration. Namba's declaration established that the warranty claims had not been scheduled in the bankruptcy proceeding, he was not aware of the claims, and did not abandon them, contradicting the positions taken by Maximum in opposition to summary judgment.

The motion for reconsideration, if deemed a motion for new trial, provided no ground to set aside the judgment. We therefore turn to the motion to amend the complaint.

## C. The Motion to Amend the Complaint to Add Namba as a Coplaintiff

Maximum argues the trial court had no discretion to deny its motion to amend the complaint to add Namba as a coplaintiff. Maximum insists it is entitled to continue as a coplaintiff because the warranty claims are valued at $600,000, but creditor claims in bankruptcy are only $350,000. Maximum reasons it is entitled to any amount recovered in excess of the creditor's claims.

### 1. *Standard of Review*

The trial court has discretion to allow amendment of a complaint to add the name of a party. (Code Civ. Proc., § 473, subd. (a)(1).) "'It is axiomatic that a motion for relief under section 473 is addressed to the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record.' (*Martin v. Johnson* (1979) 88 Cal.App.3d 595, 604.)" (*Haley v. Dow Lewis Motors, Inc., supra,* 72 Cal.App.4th at p. 506.)

11

### 2. *Analysis*

Maximum relies on a body of law holding that where a plaintiff lacks standing because a cause of action is the property of a bankruptcy estate, the trial court must grant a motion to amend a complaint to allege the bankruptcy trustee as a new plaintiff with standing. The pertinent law is summarized in *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 998-1000 (*Cloud*), in which an employee brought an action against several defendants for violation of the Fair Employment and Housing Act. Prior to filing the employment action, the employee had filed for chapter 7 bankruptcy protection but had not scheduled the action as an asset. The employer moved for judgment on the pleadings on the basis that the employee lacked standing to assert the employment claim, which belonged to the bankruptcy estate, and that the employee was judicially estopped from asserting the claim. The employee filed a declaration that she was in the process of amending her bankruptcy schedule of assets to reflect the claim. The trial court granted the motion for judgment on the pleadings without leave to amend. In granting the motion, the court did not discuss the employee's declaration that she was trying to schedule the claim.

The *Cloud* court agreed that the employee lacked standing. The bankruptcy trustee is the proper plaintiff to assert claims to property of the bankruptcy estate, and "any causes of action previously possessed by that person become the property of the bankrupt estate." (*Cloud*, *supra*, 67 Cal.App.4th at p. 1001.) "Property that is neither abandoned nor administered by the bankruptcy trustee remains property of the bankruptcy estate." (*Id.* at p. 1003.) Under Code of Civil Procedure section 367, it is the general rule that every action be prosecuted in the name of the real party in interest. The employee was not the real party in interest, and thus lacked standing, but the trustee had standing to bring the action. (*Cloud*, *supra*, at pp. 1004-1005.)

However, *Cloud* held that it was error to grant the motion for judgment on the pleadings without leave to amend, because amendment to add the trustee would not alter the facts to make them "'wholly different'" than the employee's action. (*Cloud*, *supra*,

67 Cal.App.4th at p. 1005, citing *Klopstock* v. Superior Court (1941) 17 Cal.2d 13, 19-22 (*Klopstock*); *Kaely v. Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1195, fn. 7 ["In the case of a trustee in bankruptcy seeking to be substituted in, the trial court lacks discretion not to allow the substitution"].)  Maximum contends these authorities are controlling and the trial court had no discretion to deny the motion to amend to add the trustee as a coplaintiff.

We disagree with Maximum's position.  Unlike the situation in *Cloud*, Maximum did not oppose summary judgment on the ground that it would reopen the bankruptcy and schedule the warranty claim.  To the contrary, Maximum was adamant that it owned the claim and that it had been disclosed in the bankruptcy proceedings and abandoned by the trustee.

Moreover, at the time of the motion for new trial, Namba was a stranger to the action who had no standing.  Namba had been discharged as trustee one year before the trial court denied the motion for new trial.  The bankruptcy court stated in its order of February 7, 2011, as follows:  "Since it appears that no further matters are required that his case remain open, or that the jurisdiction of this court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed."  Maximum fails to explain how Namba, the *former trustee* of a *closed* bankruptcy estate, who had been discharged one year before the motion to amend the complaint, had standing to join the action as a plaintiff.  While Namba had standing to move to reopen the bankruptcy estate, he "did not have, however, . . . authority to reappoint himself as trustee.  See *In re Kissinger,* . . . 2011 WL 2632856 at *2 (Bankr. W.D. Mich. June 28, 2011), *citing* 28 U.S.C. § 1930 along with appended text from The Bankruptcy Fee Compendium."  (*In re Trahan* (Bankr.C.D.Ill.2011) 460 B.R. 207, 210, fn. omitted.)

Maximum's bankruptcy action remained closed at the time of the motion to amend, no attempt had been made to reopen the bankruptcy, nor had Namba sought to be reappointed as trustee.  Based on Namba's lack of authority, the trial court correctly ruled that Namba had no standing to assert the warranty claim along with Maximum.  (Compare

*Klosptock*, *supra*, 17 Cal.2d at pp. 19-20 [trial court properly allowed substitution of the *duly authorized* administratrix of an estate party as plaintiff].)

Apparently attempting to cure the problem of Namba's lack of standing, Maximum seeks to augment the record on appeal with postjudgment documents issued by the bankruptcy court. Specifically, Maximum on December 31, 2012, filed a motion to augment the record on appeal, or in the alternative, for judicial notice on appeal, of the following documents: (1) Maximum's motion to reopen the bankruptcy case and pursue litigation against Quinn, supported by an amended Schedule B showing a litigation claim of unknown value against Quinn and Caterpillar, filed June 5, 2012; (2) the bankruptcy court's order of June 25, 2012, reopening Maximum's bankruptcy case, with a finding that "the automatic stay shall NOT be reinstated"; (3) Notice of appointment of Namba as trustee of the reopened case, dated November 26, 2012; and (4) Namba's application to employ general counsel to assist in litigation. Defendants have objected to the motion.

We deny the motion to augment the record. Augmentation to include documents that were not considered or lodged with the trial court is improper. (Cal. Rules of Court, rule 8.155; *People v. Castillo* (2010) 49 Cal.4th 145, 157-158.)

We also deny the motion to take judicial notice of the bankruptcy court records. These documents refer to "events [that] occurred long after the trial court entered its judgment" on February 9, 2012, and after Maximum "took this appeal" on February 16, 2012. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 29, fn. 15.) "We are therefore governed by the general rule that an appellate court will consider only matters that were part of the record at the time the judgment was entered. (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) No exception to that rule is here applicable. For this reason the requests for judicial notice are denied." (*Arnett v. Dal Cielo, supra,* at p. 29, fn. 15.)

"It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' (*In re James V.* (1979) 90 Cal.App.3d 300, 304.) This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the

14

appellate court to decide questions of law . . . .' (*Tupman v. Haberkern* (1929) 208 Cal. 256, 262-263.)  The rule promotes the orderly settling of factual questions and disputes in the trial court, provides a meaningful record for review, and serves to avoid prolonged delays on appeal.  'Although appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 and rule 23 of the California Rules of Court, the authority should be exercised sparingly.  (*De Angeles v. Roos Bros., Inc.* [(1966)] 244 Cal.App.2d 434, 443.)  *Absent exceptional circumstances, no such findings should be made*.  (*Green v. American Cas. Co.* (1971) 17 Cal.App.3d 270, 273.)' (*Tyrone v. Kelley* (1973) 9 Cal.3d 1, 13; see also *In re Brittany H.* (1988) 198 Cal.App.3d 533, 554.)"  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405, emphasis added.)

Based upon these settled principles of appellate review, the postjudgment documents from Maximum's reopened bankruptcy case may not be considered on appeal. We express no opinion on how, if at all, the reopening of the bankruptcy affects the warranty claims against defendants.

## DISPOSITION

The orders denying the motion for reconsideration, treated as a motion for new trial, and the motion to amend the complaint are affirmed.  The order granting summary judgment and the judgment are affirmed.  Costs on appeal are awarded to Quinn Group, Inc., and Caterpillar, Inc.


KRIEGLER, J.


We concur:


MOSK, Acting, P. J.


O'NEILL, J.*

---

*        Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16